UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12344-GAO

RON MILLER, individually and on behalf of all other similarly situated
Plaintiff,

v.

SONUS NETWORKS, INC., RAYMOND P. DOLAN, MARK T. GREENQUIST, and MICHAEL SWADE,
Defendants.

ORDER
June 21, 2019

O'TOOLE, D.J.

The complaint in this action alleges that the defendants violated federal securities laws and seeks to recover damages for a class of shareholders under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. William Sullivan and a group consisting of Giuseppe Veleno and Gary Williams have both moved for appointment as the lead plaintiff(s). The Private Securities Litigation Reform Act ("PSLRA") sets out the procedure for the selection of a lead plaintiff or plaintiffs in securities class actions. See 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(i). A court must presume that the "most adequate plaintiff" to represent the interests of the class members is the person or group of persons that has "made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. § 78u-4(a)(3)(B)(iii)(I).

Although Veleno and Williams together have the largest financial interest in the action and are therefore presumptively the most adequate plaintiffs, Sullivan argues that he has rebutted the

presumption by demonstrating (1) that they are a lawyer-driven group and (2) that their option trading subjects them to unique defenses not typical of class members generally.

After reviewing the parties' submissions and considering their oral arguments, I find that the Veleno and Williams are the most adequate lead plaintiffs among the candidates presented.

Sullivan is correct that Veleno and Williams did not have a pre-existing relationship, but courts in this district have not excluded unrelated parties from becoming lead plaintiffs as long as the group is "sufficiently coherent to control the litigation." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 44 (D. Mass. 2001); see Emerson v. Genocea Biosciences, Inc., No. CV 17-12137-PBS, 2018 WL 839382, at *4–5 (D. Mass. Feb. 12, 2018). For example, in Emerson, five unrelated investors, who together had the largest financial interest, were appointed as lead plaintiffs because they "submitted a joint declaration discussing, albeit not in tremendous detail, their plan to exercise joint decision-making and work together to actively monitor the activities of counsel." 2018 WL 839382, at *4 (internal quotation marks omitted). That declaration also noted how the group would review and discuss case filings and strategy, and it detailed the "communication procedures" in place to allow group members to confer via phone or email. Id. Veleno and Williams have submitted a similar declaration, (Joint Decl. (dkt. no. 13-4)), and I find that it sufficiently explains how the group plans to work together in order to lead this litigation.

Next, Sullivan argues that the fact that Veleno engaged in options trading will subject the entire class to defenses unique to such trading, such as a challenge to proof of reliance on the stock's market price. The Court finds that options trading, without more, does not rebut the presumption of reliance because "the value of options is directly related to the value of common stock." Crossen v. CV Therapeutics, Civ. No. 03-03709-SI, 2005 WL 1910928, *4 (N.D. Cal. Aug. 10, 2005). In support of this finding, I note that Veleno predominantly bought and sold Sonus

shares outright and he claims to have suffered direct losses on those transactions. See id. at *5 (finding that a plaintiff who has executed options contracts "may still be entitled to the presumption of reliance if he makes ordinary purchases of common stock and sustains losses on these holdings.").

Based on the foregoing, I appoint Veleno and Williams as lead co-plaintiffs. I also approve of their selection of The Rosen Law Firm, P.A. and Glancy Prongay & Murray LLP as co-lead counsel and Andrews DeValerio LLP as liaison counsel for the class.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge